UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

ALVA V. and SANDRA M. BRISCOE,

        Plaintiffs,

  v.

FAY SERVICING, LLC, DBA "FAY" AND PROF-2013-S3 LEGAL TITLE TRUST, BY U.S. BANK, NATIONAL ASSOCIATION, AND ELISA S. MAGNUSON, DBA "TRUSTEE",

        Defendants.

Case No. 4:16-CV-00297-EJL-CWD

**ORDER ON REPORT AND RECOMMENDATION**

## INTRODUCTION

On October 11, 2016, United States Magistrate Judge Candy W. Dale issued a Report and Recommendation ("Report"), recommending that the Defendants' Motion to Dismiss be granted and the *In Forma Pauperis* Applications be dismissed as moot. (Dkt. 15.) Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Local Civil Rule 72.1(b). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate judge. *Id.*; *see also* Fed. R. Civ. P. 72(b). No objections have been filed

ORDER ON REPORT AND RECOMMENDATION - 1

and the matter is ripe for the Court's consideration. *See* Local Civ. R. 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a *de novo* determination of those portions of the report which objection is made." *Id*. Where, however, no objections are filed, the district court need not conduct a *de novo* review. The Ninth Circuit has interpreted the requirements of 28 U.S.C. § 636(b)(1)(C) stating:

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise…."to the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct.

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (citations omitted); *see also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). To the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

ORDER ON REPORT AND RECOMMENDATION - 2

## DISCUSSION

The complete procedural background and facts of this case are well articulated in the Report and the Court incorporates the same in this Order. Plaintiffs initiated this action by filing his Complaint against the Defendants alleging violations of the Fair Debt Collection Practices Act (FDCPA) relating to the foreclosure attempts on a deed of trust secured by Plaintiffs' personal residence. (Dkt. 1.) Defendants filed the Motion to Dismiss for failure to state a claim. (Dkt. 5.) The Report concludes the Complaint fails to state a FDCPA claim because the nonjudicial foreclosure is not "debt collection" within the meaning of the FDCPA. (Dkt. 15.)

This Court has reviewed the original briefing of the parties, the Report, Plaintiffs' objections and materials, and the Defendants' responses as well as the entire record herein. In doing so, the Court is mindful that the Plaintiff is a *pro se* litigant and, as such, the filings and motions are construed liberally. *See Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). That being said, while *pro se* litigants are held to less stringent standards, a litigant's *pro se* status does not excuse him or her from complying with the procedural or substantive rules of the court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003). As the Ninth Circuit has held "an ordinary *pro se* litigant, like other litigants, must comply strictly with the summary judgment rules." *Thomas*, 611 F.3d at 1150 (citing *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007)).

Applying these principles here, this Court has reviewed the entire Report as well as the full record in this matter for clear error on the face of the record and none has been found. Moreover, this Court is in agreement with the Report's recitation of the facts, discussion of the applicable law, analysis, reasoning, and conclusion finding that the Plaintiffs have not stated a plausible claim. The Report's analysis and conclusion is further supported by the Ninth Circuit's recent decision in *Ho v. ReconTrust Co., NA* issued four days after the Report was filed. 840 F.3d 618 (9th Cir. 2016) (holding the trustee of a California deed of trust securing a real estate loan was not a "debt collector" under the FDCPA). For these reasons, the Court will adopt the Report, grant the Motion to Dismiss, and deny the *In Forma Pauperis* Applications as moot. The Court further finds that no leave to amend should be granted because doing so would be futile. *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009) ("[F]utility of amendment alone can justify the denial of a motion" to amend.).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Report and Recommendation entered on October 11, 2016 (Dkt. 15) is **ADOPTED IN ITS ENTIRETY** and the Defendants' Motion to Dismiss (Dkt. 5) is **GRANTED WITH PREJUDICE**.

IT IS FURTHER ORDERED that the *In Forma Pauperis* Applications (Dkt. 2, 3) are **DISMISSED AS MOOT**.

DATED: December 1, 2016

Edward J. Lodge
United States District Judge